UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

NEIDHART,

        Petitioner,

   – against –

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Respondent.

----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

2:18-CV-04714 (AMD)

**ANN M. DONNELLY**, United States District Judge:

  The plaintiff seeks review of the Social Security Commissioner's decision after a hearing before Administrative Law Judge ("ALJ") Andrew Niedrick that she was not entitled to disability insurance benefits under Title II of the Society Security Act. (Tr. 21-33.) Both parties move for judgment on the pleadings. (ECF Nos. 7, 14.) For the reasons that follow, I conclude that the ALJ's decision was based upon correct legal standards and is supported by substantial evidence in the record. Accordingly, the Commissioner's motion for judgment on the pleadings is granted, the plaintiff's motion is denied, and the case is dismissed.

## BACKGROUND

  In March of 2014, the 41-year-old plaintiff hit her head on a metal window support beam at her workplace, and suffered a concussion and neck injury. (Tr. 28.) She has not worked since that time. (Tr. 23, 50.) The plaintiff applied for disability insurance benefits ("DIB") on January 20, 2015, alleging that she was disabled as a result of a multiple impairments, including a learning disability, difficulty with her memory, poor concentration, attention deficit disorder, depression, panic attacks, an anxiety disorder, post-concussion syndrome, a broken elbow, and

head and neck impairments. (Tr. 21, 196-97, 213.) The claim was denied on June 4, 2015, and the plaintiff requested a hearing before an ALJ. (Tr. 21.) On July 11, 2017, ALJ Niedrick held a video hearing, at which the plaintiff, who was represented by counsel, and vocational expert Jacquelyn Schabacker testified. (Tr. 21, 39-80.)

On July 25, 2017, the ALJ denied the plaintiff's claim for benefits, finding that the plaintiff was not disabled because she had the residual functional capacity (RFC) to perform some types of "light work." (Tr. 18-33.) The Appeals Council denied her request for review on July 27, 2018, making ALJ Neidrick's decision the final decision of the Commissioner. (Tr. 1-7.) The plaintiff began this action on August 21, 2018, and moved for a judgment on the pleadings on January 18, 2019. (ECF Nos. 1, 7.) On March 18, 2019, the Commissioner cross-moved for judgment on the pleadings. (ECF No. 14.)

## DISCUSSION

A district court reviewing the Commissioner's final decision is limited to determining "whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009)). The Court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard is "very deferential" and the Commissioner's factual findings must be upheld unless "a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings 'must be given conclusive effect' so long as they are supported by substantial evidence." *McClaney v. Astrue*, No. 10-CV-5421, 2012 WL 3777413, at *4 (E.D.N.Y. Aug. 10, 2012) (quoting *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982)). The district court may not substitute its own judgment for the ALJ's, "even if it might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (internal citations omitted).

The plaintiff makes four arguments: (1) that the ALJ improperly concluded her osteoarthritis was not "severe," (2) that the ALJ should have considered whether the plaintiff's conditions met listing 12.11, (3) that the ALJ was wrong in the weight he assigned to the various physicians who gave evidence, and (4) that the plaintiff did not have the complete record.

*The Plaintiff's Osteoarthritis*

The plaintiff argues that the ALJ improperly concluded that the plaintiff's wrist osteoarthritis was not a "severe" impairment; he found that the condition manifested "recently" and that the record does not include any laboratory findings, tests, or imaging to support the claimed impairment. (ECF No. 7 at 10; ECF No. 10 at 6-7.)

In order to establish disability, a "severe" impairment must be continuously present for twelve months. 20 C.F.R. § 404.1509; 20 C.F.R. § 404.1520(a)(4)(ii),(c); *see also Bowen v. Yuckert*, 482 U.S. 137 (1987). An impairment is "severe" when it limits a person's ability to do

physical or mental work-related activities. 20 C.F.R. § 404.1520(c). It is the plaintiff's burden to prove that the Commissioner erred in finding that the plaintiff's impairment was not severe. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

First, the ALJ's decision is supported by the record; there is no evidence that the plaintiff's osteoarthritis was continuously present for 12 months. Dr. Steven Pupolo first diagnosed the plaintiff with advanced osteoarthritis after a July 27, 2017 exam. (Tr. 628-32.) He opined that the earliest date his "description of symptoms and limitations" in his report could apply was May 2, 2017. (Tr. 633.) The only other related medical record is an MRI report from June 14, 2017, but this report does not include a diagnosis of osteoarthritis. (*See* Tr. 625-26.) There does not appear to be other evidence in the record from which the ALJ could have concluded that the plaintiff suffered from osteoarthritis (or any other severe wrist condition) for a continuous period of 12 months, and the plaintiff does not cite any.

Second, the examination records of Drs. Silverman, Guo, Frankenberger, and Basnasayke show that the plaintiff had normal strength, range of motion, and grip in her wrists through June 2017, except for one isolated incident in December 2014. (*See, e.g.*, Tr. 329, 378, 396, 407, 458, 525, 548, 571, 575, 597-98.) Although there are records that show that the plaintiff experienced wrist pain and swelling after a fall in December 2014 (*see, e.g.*, Tr. 376-83), her medical records do not reflect that she was diagnosed with osteoarthritis or any other severe condition. Later records establish that the plaintiff recovered from the December 2014 wrist injury and regained normal wrist function. (*See* Tr. 571, 575, 597-98.) Accordingly, I find that substantial evidence supports the ALJ's decision that the plaintiff's wrist osteoarthritis was not "severe."

*Listing 12.11 Requirements*

The plaintiff argues that listing 12.11, Neurodevelopmental Disorders, applies to her mental health issues, and the ALJ erred by not analyzing listing 12.11. (ECF No. 7 at 11-12; ECF No. 10 at 7-11.)

Listing 12.11 requires a showing of both paragraph A and B requirements. 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.11. Paragraph A requires medical documentation that the plaintiff has 1) frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks, or hyperactive and impulsive behavior, 2) significant difficulty learning and using academic skills, or 3) recurrent motor movement or vocalization. *Id.* § 12.11(A). Paragraph B requires a showing of an extreme limitation of one, or marked limitation of two of the following abilities: 1) to understand, remember or apply information, 2) to interact with others, 3) to concentrate, persist or maintain pace, or 4) to adapt or manage oneself. *Id.* § 12.11(B).

The plaintiff asserts that the ALJ did not adequately evaluate the paragraph B criteria. (*See* ECF No. 10 at 8-11.) However, the ALJ did consider whether the plaintiff's mental health issues met or equaled substantively similar mental health disorder listings. (Tr. 24-26.) He considered listings 12.02, 12.04, and 12.06, all of which relate to mental health impairments and have the same paragraph B criteria as listing 12.11. (Tr. 24-26; *compare* 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.11(B) *to* § 12.02(B), § 12.04(B), and § 12.06(B).) This means that when the ALJ analyzed sections 12.02(B), 12.04(B), and 12.06(B), and determined that the plaintiff did not meet the criteria of those provisions, he also determined that the plaintiff did not meet the section 12.11(B) criteria. (Tr. 25-26.) ALJ Niedrick relied on substantial evidence in coming to this conclusion; he relied on the plaintiff's hearing testimony, records from treating psychiatrist Dr. Nichols, and records from consultative examiner Dr. Acer, who found that the plaintiff only

had mild or moderate limitations in each paragraph B criteria. (Tr. 24-26, 224-28, 366-68, 519-20, 605-14, 624.) Accordingly, substantial evidence supported the ALJ's decision that the plaintiff was only mildly or moderately — and not markedly or extremely — impaired in any category of paragraph B. (*See* Tr. 25-26.) Because the plaintiff does not meet the 12.11(B) criteria, she has not shown that the ALJ erred in not applying listing 12.11 to her conditions.

*Assignment of Weight*

The plaintiff also argues that the ALJ mistakenly assigned "significant weight" to the psychological consultative examiner, Dr. Acer, and psychological consultant, Dr. Burstein, "great weight" to the orthopedic consultative examiner, Dr. Basnayake, and "little weight" to treating physician Dr. Yu. (ECF No. 7 at 12-13; ECF No. 10 at 11-12.) She also argues that the ALJ did not specify the weight he gave to treating psychiatrist Dr. Nichols. (ECF No. 7 at 12-13.)

The "treating physician" rule requires that "the opinion of a claimant's treating physician be accorded 'controlling weight' if it is well supported and not inconsistent with other substantial evidence in the record." *Corporan v. Comm'r of Soc. Sec.*, No. 12-CV-6704, 2015 WL 321832, at *4 (S.D.N.Y. Jan. 23, 2015) (citing *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)); *see also Gavazzi v. Berryhill*, 687 F. App'x 98, 100 (2d Cir. 2017).[1] However, an ALJ may discount a treating physician's opinion "when that opinion is conclusory, the physician fails to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record, or the evidence otherwise supports a contrary finding." *Brown v. Berryhill*, No. 17-CV-03685, 2019 WL 486078, at *7 (E.D.N.Y. Feb. 7, 2019) (citing 20 C.F.R. § 416.927(c)(2)); *see also Legg v. Colvin*, 574 F. App'x 48, 49 (2d Cir. 2014) (ALJ did not err in giving little weight to

---

[1] The treating physician rule applies because the plaintiff filed her claim before March 27, 2017. 20 C.F.R. § 404.1527.

treating physician where "the objective medical evidence, the reports of other physicians, and Dr. Bonavita's own treatment notes did not support the diagnoses and serious functional limitations contained in his statements"). When the ALJ does not give a treating physician's opinion controlling weight, the ALJ must "comprehensively set forth his [or her] reasons." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal citations omitted); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) (ALJ must give "good reasons" for discounting treating physician's opinions).

The plaintiff argues that a consultative medical examiners' opinion may only "constitute substantial evidence" when "all other opinions are unsupported, or where there is no treating physician." (ECF No. 10 at 11.) This is not the law. A consultative examiner's opinion can constitute substantial evidence to support the ALJ's RFC determination if it is supported by evidence in the record. *Brown*, 2019 WL 486078, at *9 (ALJ properly gave great weight to consultative examiner (citing *Pelham v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013))); *see also Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (RFC determination supported by substantial evidence where ALJ gave "great weight" to consultative examiners' opinions because they examined plaintiff more than once, performed comprehensive exam, and were consistent with the record).

The ALJ cites substantial evidence in the record to support his decisions about the weight to be given to the plaintiff's treating physicians and consultative examiners. He considered the length and frequency of the plaintiff's treatment by each doctor, and whether they examined the plaintiff in person or only reviewed medical records. (*See* Tr. 27-31.) For each of the consultative examiners, the ALJ explained that their opinions were consistent with other parts of the record, including records from the plaintiff's treating physicians. (Tr. 28-30.) While he gave

"significant weight" to consultative examiners Drs. Acer and Burstein, and "great weight" to Dr. Basnayake, he also gave "significant weight" to treating physician Dr. Silverman, who treated the patient twice in May and June 2015. (Tr. 30, 530-31.)

The plaintiff argues that the ALJ erred in giving "little weight" to Dr. Yu, a treating orthopedist, who saw the plaintiff four times over about three months, from April 2015 to July 2015. (Tr. 28-30, 536-44.) Dr. Yu's findings are not helpful to the plaintiff, as he consistently opined that the plaintiff was not disabled and had 0% impairment. (Tr. 536-44, 581-83.) In any event, ALJ Niedrick gave Dr. Yu's opinions — which do not support the plaintiff's claim for benefits — little weight because "an opinion on whether the claimant can work relates to an issue reserved to the Commissioner" and because "the evidence does support some level of impairment." (Tr. 30.) This decision was supported by substantial evidence.

The plaintiff saw Dr. Nichols from February 10, 2014, to November 29, 2017, for mental health treatment. (Tr. 9-17, 366-368, 433-39, 604-624.) While the ALJ did not specify the weight he assigned to Dr. Nichols' opinion, he cites her treatment notes throughout his decision and in connection with his RFC determination.[2] (Tr. 25-31.) Though he did not make an explicit

---

[2] The plaintiff did not submit a Psychiatric Impairment Questionnaire from Dr. Nichols, explaining her overall medical opinion about the plaintiff's mental health, until after the ALJ issued his decision and in connection with the plaintiff's appeal to the Appeals Council. (Tr. 9-17.) The Psychiatric Impairment Questionnaire included Dr. Nichols' opinion that the plaintiff's mental impairments caused "marked limitations in all areas of functioning," but also says that Dr. Nichols was "unable to assess [the plaintiff] in a work related setting." (Tr. 15-17). The Appeals Council considered this new evidence but held that it did not relate to the period at issue. (Tr. 2.) Other than listing the dates that the plaintiff went to the hospital in the past, the Questionnaire appears to be a current evaluation of the plaintiff's mental health as of November 2017 rather than an opinion of her past mental health. (*See* Tr. 17.) Therefore, Dr. Nichols' Psychiatric Impairment Questionnaire does not change my finding that substantial evidence supports the ALJ's decision. *See Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) ("[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision," so long as the evidence is "new and material" and "relate[s] to the period on or before

finding, it is clear that the ALJ gave Dr. Nichols' medical findings significant weight in his decision. *See Dees v. Comm'r of Soc. Sec.*, No. 17-CV-01316, 2018 WL 4288631, at *3 (E.D.N.Y. Sept. 7, 2018) (affirming ALJ decision, "Though not expressly stated, it is apparent from the ALJ's opinion that he gave significant weight to the opinions of Plaintiff's treating physicians.").

*Incomplete Record*

The plaintiff initially argued that the record "was incomplete" because she did not have access to her hearing recording or transcript at the time she filed her appeal to the Appeals Council, but she abandons this argument in her reply. (ECF No. 7 at 14 ("As such, Plaintiff was unable to make potential arguments at the Appeals level which may have been revealed had she had the benefit of reviewing the hearing testimony…"); ECF No. 10.) Even so, the record available to the plaintiff for the purposes of her appeal is not at issue here. Because a District Court's job is to review the final decision — in this case, the ALJ's opinion — what matters is whether the ALJ had a complete record on which to base his decision, and whether this Court has a complete record on which to review the ALJ's decision. *See* 20 CFR §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999); *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision."). The plaintiff's attorney stated that the record was complete at the July 11, 2017 hearing, and the plaintiff does not now argue that the record before the ALJ was

---

the ALJ's decision."); *James v. Comm'r of Soc. Sec.*, No. 13-CV-2492, 2014 WL 4793451, at *5 (E.D.N.Y. Sept. 24, 2014) ("Where a disability benefits claimant submits new evidence to the Appeals Council, the Appeals Council only considers that evidence which is pertinent to the relevant claimed period, *i.e.*, evidence predating the ALJ's decision." (citing 20 C.F.R. §§ 416.1470)).

incomplete or that the record before this Court is incomplete. (Tr. 43.) Therefore, the plaintiff's argument that she did not have a complete record is not a valid basis for remand in this case.

## CONCLUSION

The defendant's motion for judgment on the pleadings is granted and the plaintiff's motion for judgment on the pleadings is denied. Accordingly, the ALJ's decision is affirmed and this case is dismissed.

**SO ORDERED.**

                                                          s/Ann M. Donnelly
                                                          Ann M. Donnelly
                                                          United States District Judge

Dated: Brooklyn, New York
       July 15, 2019